CHRISTIAN G. BAISCH ET AL. v. THE CITY OF GRAND
RAPIDS AND CHARLES S. WILSON.

*Municipal corporations—Board of public works—Specifications of
proposed improvement—Estimates.*

By section 8 of the board of public works act of the city of Grand
Rapids (Act No. 321, Laws of 1873) it is made the duty of the
board, when the common council decide that the construction
of a sewer is a necessary public improvement, to determine as
to the particular kind and quantity of materials to be used
therefor, and estimate the probable cost and expense of such
work and of the material to be used in detail, and cause to be
prepared the necessary plans and specifications, and report their
estimate to the common council as a basis for assessing or
otherwise raising the funds necessary to enable the board to go
forward and complete such work. Prior to the presentation
to the board of the resolution of the common council as to the
construction of a certain sewer, the city surveyor had made
the necessary surveys, examinations, and estimates, and had
prepared a full and complete plan and profile of the proposed
sewer, showing in detail the manner of its construction, and
its size and shape and the kind and quantity of materials to be
used, the cost of which construction and materials was not car-
ried out in detail, but was susceptible of computation by any
member of the board or common council from the *data* thus
furnished. On receiving the resolution for the construction of
the sewer, the board of public works directed the city surveyor to
prepare the necessary plans and specifications, and he at once
presented the ones he had prepared, which were examined and
approved by the board at the same meeting; which action is
held a substantial compliance with the provisions of the sec-
tion cited.

Appeal from superior court of Grand Rapids. (Burlin-
game, J.) Argued January 16, 1891. Decided February
27, 1891.

Bill to restrain the sale of land for a tax assessed for
the construction of a sewer. Complainants appeal from

decree dismissing bill.   Decree affirmed.   The facts are stated in the opinion.

*Taggart, Wolcott & Ganson,* for complainants.

*William Wisner Taylor,* for defendants.

LONG, J.   The bill is filed in this cause to restrain the sale of complainants' land for a tax assessed to pay the expense of the construction of a sewer in the alley between Coit avenue and Clancy street in the city of Grand Rapids.   The bill was dismissed on the hearing in the court below.   Complainants appeal.   The pleadings and proofs are before us for review, and are set out in full in the record.

It appears that on May 21, 1888, the common council adopted a resolution by a vote of a majority of all the aldermen elect declaring the construction of the sewer in question a necessary public improvement, and that on the 26th of that month, at a regular meeting of the board of public works, the clerk presented a copy of this resolution to it, and by resolution of that board the city surveyor was directed to prepare the necessary plans and specifications.   It is shown by the record that the city surveyor, prior to these directions from the board of public works, having been advised of the resolution passed by the common council, had made the necessary surveys, examinations, estimates, etc., and had prepared a full and complete plan and profile of the sewer, showing in detail scale, size, length, etc., of the same; and upon the adoption of the resolution by the board of public works, and on the same evening, he presented the same to the board, which at once approved and adopted the same, and by resolution directed the president of the board to advertise for sealed proposals for the construction of the sewer. This notice was duly published in the official city paper

from May 29 to June 2. There being but one bid, it was rejected by the board, which instructed the president to advertise again, and such readvertising was done; and on June 9 the bids were opened, and the contract let to the lowest bidders, Wagemaker & Meyer, for $2,300. This action was duly reported to the council on June 11, and a contract also at the same time presented, which the mayor of the city, by resolution of the council, was directed to execute, which was done. Aside from the estimate for the work of construction, the city surveyor also had placed in the estimates the following: Assessment and printing, $60; engineering and incidentals, $90; making the total estimate of cost the sum of $2,450. The sewer was duly constructed according to the terms of the contract.

The council, after the making of the contract, took steps to ascertain what property in the city was benefited by the improvement, and on August 6, 1888, appointed a committee of three to locate and fix the district. This committee reported on August 20, and defined the district, their report being accepted and adopted; and on October 1 the council, by resolution, declared that the whole amount of $2,450 be assessed thereon, and the commissioners directed to make the assessment, which they did, and reported the roll to the council on October 8. The time for hearing appeals was then fixed for October 15, the notice, as required by the charter, being duly given for that purpose. Three appeals were heard at that meeting, and the time then extended for one week to hear other appeals. The time was again extended, appeals heard, and the subject referred to a committee, who reported to the council that the assessment roll did not include the entire frontage, and there was an error in the resolution and order of assessment; they therefore recommended that the assessment be set aside, which report

was accepted and adopted. A new committee to locate a district was duly appointed, and such proceedings had that a new roll was reported to the council, which was adopted, notice published of hearing appeals, and the roll on January 14, 1889, duly approved and confirmed. There is no complaint of any proceeding subsequent to the confirmation of the roll. It is insisted on the part of the city that these proceedings have all been regular, and in full compliance with the provisions of the charter. So far as any complaint is made of the assessment, that question is settled by *Brown v. City of Grand Rapids*, 83 Mich. 101.

The only question which we need discuss arises under complainants' contention that the board of public works failed to determine the kind and quantity of materials, and to estimate in detail the cost and expense of the work and material. In other words, it is claimed that the board failed in the performance of its duty in its action upon the resolution reported to it from the common council, in that it made no examination of the premises through which the proposed sewer was to be constructed, but, on the same evening the resolution of the council for the construction of the sewer was received, the board, without examination of the land or the proposed improvement, accepted the report of the city surveyor, which he had previously prepared; that this was not such action on the part of the board as is required by section 8 of the board of public works act. That section provides as follows:

"When the common council of said city decide that the construction of any public work in said city is a necessary improvement, the board of public works, with all convenient dispatch, shall determine as to the particular kind and quantity of materials to be used therefor, and estimate the probable cost and expense of such work and of the material to be used in detail, and cause to be

prepared, so far as necessary, plans and specifications for such work, and report their estimate to the common council as a basis for assessing or otherwise raising, according to law, the funds necessary to enable the board to go forward and complete such work." Revised Charter 1883, p. 129 (3 Laws of 1873, p. 57).

The record contains a profile of the proposed sewer, showing the depth of cut, and the fall, together with stand-pipes for connections of lateral sewers. There are also the plans and specifications, covering nearly seven pages of the printed record, setting out in great detail the manner of construction and the size and shape of the sewer, and the kind, quality, and quantity of materials to be used, not only for the sewer, but also for the stand-pipes, lateral sewers, and connections, catch-basins, man-holes, and the mode and manner of construction, and quantity and quality of materials, and the manner in which the work, and all parts of it, is to be done. These plans and specifications and the profile were submitted to the board on the evening of their receiving the resolution from the common council, and, after an examination of them by the board, they were approved by an indorsement written thereon as follows:

"Approved and adopted by the board of public works, May 26, 1888.

"GEORGE G. BRIGGS, President."

We think this was a substantial compliance with section 8 of the board of public works act above quoted. It is claimed by counsel for the complainants that this was not an estimate of the cost and expense and material to be used in detail. The cost of the material and of construction is not carried out in detail, but from the profile and plans and specifications it was susceptible of computation by any member of the board or common council. All the necessary *data* were there, and it was sufficient to enable the bidders to make intelligent bids. It is true

that it was the estimate of the city surveyor; but, when submitted to and approved by the board of public works, it was the estimate of the board, and it was in such form as to give the board all the necessary *data* to take intelligent action.

Some other questions are raised, but we do not deem them of sufficient importance to notice. From a review of all the proceedings we are satisfied that the requirements of the charter have been substantially complied with.

The decree of the court below dismissing complainants' bill must be affirmed, with costs.

CHAMPLIN, C. J., MORSE and McGRATH, JJ., concurred. GRANT, J., did not sit.